**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLA LISSETH MARTINEZ-HERNANDEZ, <br><br>     Petitioner, <br><br>   v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br>     Respondent. | No. 20-71680 <br><br> Agency No. A209-791-472 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2022[**]
Pasadena, California

Before: KELLY,[***] M. SMITH, and COLLINS, Circuit Judges.

Petitioner Carla Martinez-Hernandez, a citizen of El Salvador, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") affirming an

order of an Immigration Judge ("IJ") denying her claims for asylum, withholding

of removal, and relief under the Convention Against Torture. We review the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the Court of Appeals for the Tenth Circuit, sitting by designation.

agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, and § 2242(d) of the Foreign Affairs Reform and Restructuring Act, 8 U.S.C. § 1231 *note*. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–91 (2020). We deny the petition.

1. Martinez-Hernandez has failed to establish that the agency erred in rejecting her requests for asylum and withholding of removal.

a. The agency properly concluded that Martinez-Hernandez had failed to establish past persecution on account of a protected ground (here, her membership in a "particular social group"). *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A).

Martinez-Hernandez testified that she was threatened by a group of 18th Street gang members in February 2016 and that, three months later, a member of the same gang pushed her against a wall and hit her in the chest before letting her leave. On both occasions, the gang members expressed anger that she was present in 18th Street territory (where she attended school) even though she lived in a neighborhood controlled by the rival MS-13 gang. As Martinez-Hernandez

2

explained, the 18th Street gang members were concerned that she could be "taking information" about their gang back to MS-13 gang members. Given Martinez-Hernandez's own testimony as to the gang's motivation on these two occasions, we cannot say that the record compels the conclusion that any harms that she experienced during these incidents were "inflicted to punish" her for her membership in a proposed social group of "females who are in defiance of gang authority." *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

In addition, even applying de novo review, *cf. Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (noting division of authority over the proper standard of review), we find no error in the agency's conclusion that the harms that Martinez-Hernandez experienced in these two incidents—threats, being "pushed against a wall," and being "hit" in her "chest with [a] fist"—do not rise to the level of persecution. *See Kaur v. Wilkinson*, 986 F.3d 1216, 1227 n.14 (9th Cir. 2021) (collecting cases holding that threats, coupled with a single limited instance of physical violence requiring no medical treatment, do not amount to persecution).

b. Substantial evidence supports the agency's conclusion that Martinez-Hernandez had failed to show that the gangs "had continuing interest in her" and that she therefore neither had a well-founded fear of persecution nor faced a

likelihood of persecution. Although Martinez-Hernandez points to threats made to other family members, this evidence does not compel a conclusion contrary to the agency's. Martinez-Hernandez testified that her father thought the sole gang attack on him in 2013 may have been based on mistaken identity, and she also testified that, after her mother received a threatening call trying to extort money in 2016, her mother did not pay anything and was subsequently never harmed.[1] On this record, the agency could permissibly conclude that the gangs would not have any continuing interest in Martinez-Hernandez. She therefore failed to establish that she had a "well-founded fear" of persecution, much less that she faced a "likelihood" of persecution, and her asylum and withholding claims were properly rejected. *See Sharma v. Garland*, 9 F.4th 1052, 1059–60 (9th Cir. 2021).

2. Substantial evidence also supports the agency's determination that Martinez-Hernandez was ineligible for relief under the Convention Against Torture. To be eligible for such relief, an alien must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see also Plancarte Sauceda v. Garland*, 23

---

[1] Martinez-Hernandez also points to a claimed extortionate phone call made to her sister in 2018, but the IJ specifically rejected that testimony as not credible and Martinez-Hernandez did not challenge that finding before the BIA. We therefore lack jurisdiction to consider Martinez-Hernandez's unexhausted challenge to that credibility determination. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

F.4th 824, 834 (9th Cir. 2022). But as the IJ noted, the conclusion that the gangs would not have any continuing interest in Martinez-Hernandez likewise meant that she did not face a particularized risk of torture. Beyond that, her reliance on "generalized evidence of violence and crime" in El Salvador "is not particular to [her] and is insufficient" to compel the conclusion that she faces a likelihood of torture. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

The petition for review is **DENIED**.